IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **DESMOND TOLBERT** | § | |
| | § | |
| **V.** | § | NO. 9:14-CV-131 |
| | § | |
| **CAROLYN L. COLVIN,** | § | |
| **Commissioner of Social** | § | |
| **Security Administration** | § | |

## ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER ON PLAINTIFF'S MOTION TO APPOINT COUNSEL AND OVERRULING PLAINTIFF'S OBJECTIONS

The Plaintiff, Desmond Tolbert, requests judicial review of a final decision of the Commissioner of Social Security Administration with respect to his application for disability-based benefits. This matter has been referred to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. Tolbert filed a Motion to Appoint Counsel (Doc. No. 3), and the magistrate judge submitted an Order denying his motion (Doc. No. 4). Tolbert filed an appeal of the magistrate judge's Order (Doc. No. 11), so the court will now reconsider the Order filed on August 27, 2014 (Doc. No. 4).

### I. STANDARD OF REVIEW

Magistrate judges are empowered to pass judgment on non-dispositive pretrial motions. 28 U.S.C. § 636(b)(1)(A). The magistrate judge has broad discretion in this regard. See Credeur v. York Claim Serv., No. 13–1367, 2013 WL 5935477 (W.D. La. Nov. 4, 2013). The United States Code, as well as the Federal Rules of Civil Procedure, provide a litigant dissatisfied with such a ruling to appeal to the district judge, "who may reconsider the ruling and reverse it 'where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.' " Kingham v. Target Corp., No. 2:12–CV–685, 2013 WL 786419 (W.D. La. Mar. 1, 2013) (citing 28 U.S.C. §

636(b)(1)(A); FED. R. CIV. P. 72(a); Castillo v. Frank, 70 F.3d 382, 385 (5th Cir.1995)). The party appealing the order "must demonstrate how the order is reversible under the applicable standard of review — de novo for error of law, clear error for fact findings, or abuse of discretion for discretionary matters." Jefferson–Pilot Life Ins. Co. v. Bellows, No. 3:02-CV-1992, 2003 WL 21501904, at *1 (N.D. Tex. June 24, 2003).

"The clearly erroneous standard applies to the factual components of the magistrate judge's decision." Lahr v. Fulbright & Jaworski, L.L.P., 164 F.R.D. 204, 208 (N.D. Tex.1996). "A factual finding is clearly erroneous if, although there is evidence to support it, after viewing the record we are 'left with the definite and firm conviction that a mistake has been committed.' " United States v. Stevens, 487 F.3d 232, 240 (5th Cir. 2007) (citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). "The district court may not disturb a factual finding of the magistrate judge unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." Lahr, 164 F.R.D. at 208. "If a magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, a district judge may not reverse it." Id. The legal conclusions of the magistrate judge are reviewed de novo, and the district judge "reverses if the magistrate judge erred in some respect in her legal conclusions." Id. "[T]he abuse of discretion standard governs review of that vast area of ... choice that remains to the [magistrate judge] who has properly applied the law to fact findings that are not clearly erroneous." Id.

## II. APPLICABLE LAW

There is no absolute right to counsel in civil actions. Robbins v. Maggio, 750 F.2d 405, 412 (5th Cir.1985). Rather, counsel are appointed in civil matters only under exceptional circumstances. Id. To determine if exceptional circumstances exist, a court should consider: (1) the type and

complexity of the case; (2) whether the indigent person is capable of adequately presenting his case; (3) whether the indigent person is in a position to adequately investigate the case; and (4) whether the evidence consists largely of conflicting testimony such that skill in the presentation of evidence and cross examination is required. Parker v. Carpenter, 978 F.2d 190, 193 (5th Cir.1992). In addition, the court can consider whether the plaintiff has demonstrated the inability to secure private counsel on his/her own behalf.[1] See Jackson v. Cain, 864 F.2d 1235, 1242 (5th Cir. 1989).

### III. DISCUSSION

The court has considered the Order entered by the Magistrate Judge in relation to the pleadings and the applicable law. See FED. R. CIV. P. 72(a). The magistrate judge denied Tolbert's motion because his claims are not factually or legally complex; the case does not require discovery or investigation since it will de decided based upon the administrative record and the parties' arguments; skill in presenting evidence and cross-examination is not required because these matters are decided on the existing record and briefs as opposed to a trial; and Tolbert presented no facts that he has even attempted to secure his own counsel. (Doc. No. 4.) On appeal, Tolbert alleges that he needs counsel to assist him with reading and writing due to his lack of education and injuries. (Doc. No. 11.) He still does not make any assertions on appeal that he has attempted to hire his own counsel. As noted by the court in *Moore*, "most plaintiffs in social security cases experience little difficulty in obtaining representation if they earnestly seek it. . . . Additionally, because the Equal Access to Justice Act, 28 U.S.C. § 2412, et seq., provides for the recovery of attorney fees to a prevailing plaintiff, the attorney is assured of payment if the claim is successful." Moore v. Astrue,

---

[1] Congress has specifically authorized the award of attorney fees for certain social security claimants in these proceedings. See 42 U.S.C. § 406(b); Jackson v. Astrue, 705 F.3d 527, 530 (5th Cir. 2013) ("Congress intended section 406(b) 'to encourage effective legal representation of claimants by insuring lawyers that they will receive reasonable fees directly through certification by the Secretary.' ").

No. 10-1380, 2010 WL 3541143, at *1 (W.D. La. Sept. 3, 2010). Consequently, many attorneys will take on a social security case on a contingency basis.

After careful consideration, the court agrees with the findings of the magistrate judge that the plaintiff has not demonstrated "exceptional circumstances" which would warrant the appointment of counsel and concludes that the Plaintiff's appeal is without merit. Therefore, the court **DENIES** the Plaintiff's appeal and motion to appoint counsel (Doc. No. 11, 3) and **AFFIRMS** the Magistrate Judge's Order denying the Plaintiff's motion to appoint counsel (Doc. No. 4).

So **ORDERED** and **SIGNED** this 8 day of **September, 2014.**

_____
Ron Clark, United States District Judge